United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-30891
Summary Calendar

---

JEREMY BIAS,

Plaintiff,

v.

BETH LUNDY, Etc.; ET AL.,

Defendants.

---

RONNIE BIAS,

Plaintiff – Appellant,

v.

BETH LUNDY, Etc.; ET AL.,

Defendants,

BETH LUNDY, Individually and In Her Official Capacity
as Sheriff Calcasieu Parish; BRENT KING, Individually and
In His Official Capacity as Deputy Sheriff Calcasieu Parish;
JOHN DOE, Individually and In His Official Capacity as
Deputy Sheriff Calcasieu Parish, ROY MALONE, Individually

1

and In His Official Capacity as Deputy Sheriff Calcasieu Parish;
LEONARD GADDY, Individually and In His Official Capacity
as Deputy Sheriff Calcasieu Parish; CHRIS RYAN, Individually and In His
Official Capacity as Deputy Sheriff Calcasieu Parish; DARRYL
GUILLORY, Individually and In His Official Capacity as Deputy Sheriff
Calcasieu Parish,

Defendants – Appellees.

Appeal from the United States District Court for
the Western District of Louisiana, Lake Charles
(USDC No. 2:01-CV-434-PM)

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Ronnie Bias appeals the magistrate judge's order granting a judgment as a matter of law in favor of Sheriff Beth Lundy, Deputy Sheriffs Leonard Gaddy, Darryl Guillory, Brent King, Roy Malone, and Chris Ryan (collectively "defendants"). Bias argues that the magistrate judge erred in holding that he had not presented sufficient evidence to establish that defendants used excessive force against him. We affirm the magistrate judge's judgment as to Lundy and Ryan

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

because there is no evidence in the record that these individuals were involved in the incident that gave rise to Bias's excessive force claim. We further affirm the magistrate judge's judgment as to Guillory and Malone because, while these individuals were at the scene where the alleged excessive force took place, they were not directly involved in the alleged use of excessive force. However, we hold that the evidence viewed in the light most favorable to Bias is sufficient for a reasonable fact finder to conclude that Gaddy and King harmed him by the use of excessive force. We therefore vacate the judgment as to Gaddy and King.

## I.

Bias brought this action for damages pursuant to 42 U.S.C. § 1983 alleging that he sustained injuries as a result of the unconstitutional conduct of several law enforcement officers when they seized him and subjected him to excessive force. A jury trial was commenced before a magistrate judge. At the close of the evidence, defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The magistrate judge granted defendants' Rule 50 motion.

The magistrate judge held that:

As to Sheriff Lundy, specially based on the stipulation of counsel, the motion is granted. As to Deputy Ryan, especially because of the stipulation of counsel, the motion is granted. I also find that there has been no evidence of malice. I also find that there has been no evidence of injury that is – serious enough injury that is required to meet a 1983

3

action. There has been no causal connection established by any medical personnels [sic] to indicate that this is actually the event that caused whatever symptoms that Mr. Bias has exhibited. The only symptoms that have been testified to here have been a busted lip, a neck spasm, a scratch on the nose, and two anxiety attacks. That just does not reach the level of a 1983 injury. So your motion is granted to all.

This appeal followed.

## II.

Because there was no evidence that Guillory, Lundy, Malone or Ryan were involved in the alleged use of excessive force, the magistrate judge properly granted judgment in their favor. The evidence against deputies Gaddy and King, however, did support the claim.

Bias and his uncle were leaving a club with a kinsman who, unknown to them, had created a problem for the deputies earlier in the evening. The deputies stopped their truck and, Bias testified, struck him in the mouth, pulled him out of the truck, slammed his head to the ground, and one deputy got on top of him, put a gun to his head and made a statement that he ought to kill him. A psychotherapist testified that this experience caused Bias to suffer from flashbacks, anxiety, stress, and the loss of sleep. A physician testified that Bias had a busted lip and suffered cervical spasms. All of this was inflicted without any justification according to the plaintiff's evidence.

We affirm the magistrate judge's judgment as to Guillory, Lundy, Malone, and Ryan. However, we vacate the judgment as to Gaddy and King and remand for further proceedings.

AFFIRMED IN PART, VACATED IN PART, REMANDED.